**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000867**
**19-NOV-2014**
**09:20 AM**

NO. CAAP-12-0000867

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KONDAUR CAPITAL CORPORATION, Plaintiff-Appellee,
v.
LEIGH MATSUYOSHI, Defendant-Appellant,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS, 1-10, DOE ENTITIES 1-10,
ALL PERSONS RESIDING WITH AND ANY PERSONS
CLAIMING BY AND THROUGH OR UNDER THEM, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0185)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Leigh Matsuyoshi (**Matsuyoshi**) appeals from the September 18, 2012 "Judgment on Order Granting Plaintiff Kondaur Capital Corporation's Motion for Summary Judgment Against All Defendants on Complaint Filed June 5, 2012" entered in the Circuit Court of the Fifth Circuit[1] (**circuit court**) in favor of Plaintiff-Appellee Kondaur Capital Corporation (**Kondaur**). Matsuyoshi contends the circuit court erred by granting Kondaur's motion for summary judgment, and by subsequently denying Matsuyoshi's motion to set aside the judgment under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b).

---

[1] The Honorable Randal G.B. Valenciano presided.

In a memorandum opinion (**MO**) entered March 7, 2014, this court held that: (1) it lacked jurisdiction to review the circuit court's order denying Matsuyoshi's HRCP Rule 60(b) motion because Matsuyoshi's appeal of the order was not timely filed; and (2) the circuit court erred in granting summary judgment in favor of Kondaur because an October 17, 2012 declaration of Matsuyoshi attached to her motion to set aside judgment, alleges material facts that raise genuine issues as to the validity of Matsuyoshi's Mortgage. This court therefore declined to address Matsuyoshi's other arguments on mootness grounds.

Kondaur filed an application for a writ of certiorari (**Application**), which the Hawai'i Supreme Court accepted. In a published opinion entered October 23, 2014, the supreme court concluded "that the [Intermediate Court of Appeals (**ICA**)] erred in relying upon a post-judgment motion as a basis to find disputed facts with regard to a motion for summary judgment," and therefore vacated the MO and remanded "the case to the ICA for a review of the other issues raised by the parties that were not considered by the ICA . . . ." Kondaur Capital Corp. v. Matsuyoshi, No. SCWC-12-0000867, 2014 WL 5420003, at *1 (Haw. Oct. 23, 2014).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Matsuyoshi's appeal is without merit.

On appeal to the ICA, Matsuyoshi raises two points of error: (1) whether the circuit court erred in granting Kondaur's June 29, 2012 "Motion for Summary Judgment Against All Defendants on Complaint filed June 5, 2012" (**MSJ**), and (2) whether the circuit court erred in denying Matsuyoshi's Rule 60(b) motion to set aside the judgment on the order granting Kondaur's MSJ (**Rule 60(b) Motion**).

**(1)  Summary judgment in favor of Kondaur was appropriate.**

To maintain an ejectment action, a party must prove ownership and title to the property at issue. State by Price v. Magoon, 75 Haw. 164, 175, 858 P.2d 712, 718-19 (1993); see also Carter v. Kaikainahaole, 14 Haw. 515, 516 (Haw. Terr. 1902) (holding that an action of ejectment is the remedy at law for a "complainant who has the title to and right of possession of certain land and from whom possession is unlawfully withheld by another").  Kondaur submitted admissible evidence of ownership and title to the property in Lihu'e, Kaua'i (**Property**) in the form of exhibits attached to its MSJ, which included a certified copy of its quitclaim deed and Ann Pham's affidavit.[2]  See Maui Land & Pineapple Co. v. Infiesto, 76 Hawai'i 402, 407, 879 P.2d 507, 512 (1994) (holding "that the circuit court did not abuse its discretion in considering the recitals in [a] deed pursuant to [Hawaii Rules of Evidence] Rule 803(b)(15)").

Matsuyoshi makes two arguments as to why Kondaur's title to the Property is invalid:  (1) the foreclosure sale was held in a county other than where the Property is located and thus is void for being conducted in an unreasonable manner; and (2) the foreclosure sale is rendered void by technical violations.  Matsuyoshi's arguments are without merit.

The statutory provision applicable to non-judicial foreclosures, Hawaii Revised Statutes (**HRS**) § 667-5 (Supp. 2008) provides, in pertinent part:

> **§667-5  Foreclosure under power of sale; notice; affidavit after sale.**  (a) When a power of sale is contained in a mortgage, and where the mortgagee . . . desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee . . . shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State.  The attorney shall:
>
> > (1)  Give notice of the mortgagee's . . . intention to foreclose the mortgage and of the sale of the mortgaged property, by publication of the notice once in each of three successive weeks (three publications), the last publication to be not less than fourteen days before the day of sale,

---

[2]    In her affidavit, Ann Pham stated that she was an asset manager for Kondaur and a custodian of Kondaur's records.

in a newspaper having a general circulation in the county in which the mortgaged property lies; and

(2)    Give any notices and do all acts as are authorized or required by the power contained in the mortgage.

(b)    Copies of the notice required under subsection (a) shall be:

(1)    Filed with the state director of taxation; and

(2)    Posted on the premises not less than twenty-one days before the day 1 of sale.

.    .    .    .

(d)    . . . The mortgagee within thirty days after selling the property in pursuance of the power, shall file a copy of the notice of sale and the mortgagee's affidavit, setting forth the mortgagee's acts in the premises fully and particularly, in the bureau of conveyances.

(e)    The affidavit and copy of the notice shall be recorded and indexed by the registrar, in the manner provided in chapter 501 or 502, as the case may be.

When a mortgagee violates the "requirements of HRS § 667-5, whether those violations are grievously prejudicial or merely technical," the subsequent foreclosure sale is void. In re Kekauoha-Alisa, 674 F.3d 1083, 1089 (9th Cir. 2012). A foreclosure sale can also be rendered void if the mortgagee fails to "exercise reasonable diligence to secure the best possible prices [sic] upon the foreclosure sale of the property to be sold." Ulrich v. Sec. Inv. Co., 35 Haw. 158, 172 (Haw. Terr. 1939).

Additionally, if a party who moves for summary judgment on an action for ejectment submits credible evidence establishing ownership and title to the property at issue, the adverse party may not base its opposition on mere argument, but "must set forth specific facts showing that there is a genuine issue for trial." HRCP Rule 56(e). In other words, parties seeking or opposing summary judgment must comply with HRCP Rule 56 (e), which provides:

Rule 56.    SUMMARY JUDGMENT.

.    .    .    .

(e) Form of affidavits; further testimony; defense

4

**required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(Emphasis added.)

In the instant case, Matsuyoshi's argument that the foreclosure sale is void for being held on Oʻahu is without merit because nothing in HRS § 667-5 requires a foreclosure sale be held in the county where the subject property is located, and nothing in the record indicates that the mortgagee failed to fulfill its duty to exercise reasonable diligence to secure the best price for the Property by holding the sale on Oʻahu rather than on Kauaʻi. Matsuyoshi submitted no evidence to support her contention that the mortgagee breached its duty to exercise reasonable diligence to secure the best price when it sold the Property for $416,900.20.

Matsuyoshi's argument that the foreclosure sale is void for technical violations is without merit because Matsuyoshi failed to submit any credible evidence to support her contentions.

**(2) Matsuyoshi did not appeal the order denying her HRCP Rule 60(b) Motion (Post-Judgment Order).**

This court lacks jurisdiction to address Matsuyoshi's second error raised on appeal because Matsuyoshi did not appeal the November 14, 2012 Post-Judgment Order denying her HRCP Rule 60(b) Motion.

Therefore,

IT IS HEREBY ORDERED that the September 18, 2012 "Judgment on Order Granting Plaintiff Kondaur Capital Corporation's Motion for Summary Judgment Against All Defendants

5

on Complaint Filed June 5, 2012" entered in the Circuit Court of the Fifth Circuit is affirmed.

DATED:  Honolulu, Hawai'i, November 19, 2014.

On the briefs:

Joe P. Moss
for Defendant-Appellant.

Jonathan W.Y. Lai
Thomas J. Berger
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6